Col. Theodore D. McNeal, President Board of Police Commissioners City of St. Louis 1200 Clark Avenue St. Louis, Missouri 63103
Dear Colonel McNeal:
This opinion letter is issued in response to your request for an official ruling on the following question:
 Under Section 105.270, RSMo Supp. 1975, are regularly scheduled holidays, vacation days and/or recreation days which fall during a period of military leave to be rescheduled?
Section 105.270, RSMo Supp. 1975, reads in pertinent part:
 "1. All officers and employees of this state, or of any department or agency thereof, or of any county, municipality, school district, or other political subdivision, and all other public employees of this state who are or may become members of the national guard or of any reserve component of the armed forces of the United States, shall be entitled to leave of absence from their respective duties, without loss of time, pay, regular leave, impairment of efficiency rating, or of any other rights or benefits, to which otherwise entitled, for all periods of military services during which they are engaged in the performance of duty or training in the service of this state at the call of the governor and as ordered by the adjutant general, and for all periods of military services during which they are engaged in the performance of duty in the service of the United States under competent orders for a period not to exceed a total of fifteen calendar days in any one calendar year."
It is the opinion of our office, on the basis of this provision, that holidays and vacation days must be rescheduled but recreation days need not. (Recreation days are given to St. Louis City police officers in lieu of weekends because of the necessity of having police officers on duty at all times. An officer is entitled to six recreation days in each twenty-one day period.) We interpret regular leave to mean holidays and vacation days because on those days an employee receives a double benefit. He is paid but he is not required to work. If a holiday falls during an employee's military leave, he will still be paid but he will have lost his day off. In order to insure that the employee is not penalized for his military service, an agency must see that the holiday is rescheduled at some later time. On recreation days, however, an employee is not paid. Therefore, when a recreation day falls during a period of military leave, the employee has not lost a benefit he would have been entitled to if he were not on military leave.
Therefore, it is our view that Section 105.270, RSMo Supp. 1975, entitles patrolmen of the St. Louis City Police Department each calendar year to a maximum of fifteen military days with full benefits. Any holidays or vacation days which fall during that period will have to be rescheduled, but recreation days which fall during a period of military leave need not be rescheduled.
Yours very truly,
 JOHN C. DANFORTH Attorney General